UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL DESIMONE,

        Plaintiff,

  v.                                            Case No. 08-C-638

BRYAN BARTOW, *et al.*

        Defendants.

**ORDER DENYING MOTION TO APPOINT COUNSEL, DENYING MOTION TO AMEND AND REALLEGE AND DIRECTING RESPONSE BY DEFENDANTS TO MOTION**

Plaintiff, a pro se § 1983 litigant, has again moved for appointment of counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. McKeever v. Israel, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent him, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir. 1992). There is no funding for appointed counsel in civil cases, and counsel is therefore rarely asked to represent civil litigants on a pro bono basis. Given the fact that a successful civil rights plaintiff is entitled to recovery of attorney's fees, see 42 U.S.C. § 1988, civil rights plaintiffs are expected in most circumstances to secure their own counsel.

In my order of August 12, 2008, I denied plaintiff's request for the appointment of counsel and indicated I would revisit the issue should the situation require it in the future. (Dkt. # 9 at 10-11.) Plaintiff again requests the appointment of counsel based upon the fact he is unable to afford counsel, the complexity of the issues in the case, his limited access to legal research, and his limited

knowledge and understanding. (Mot. for Appointment of Counsel at 1.) Plaintiff has produced evidence of his efforts to retain counsel on his own, which have been unsuccessful. (Dkt. # 18.)

Plaintiff's case does not seem unusually complex. He has stated two cognizable claims. The first is that Defendant Allen violated his First Amendment right to send mail by intercepting his letter to the Oshkosh Police Department. Plaintiff's second claim is that the Defendants Allen and Schneider violated his right to freely exercise his religion by denying him the ability to write in a language he refers to as "Atlantean." This language is one which he invented by modifying, for purposes of avoiding copyright infringement, a fictional language known as "Ancient" that was created for television shows "Stargate: SG-1," and "Stargate: Atlantis." (Compl., Ex. 13.). It is clear from plaintiff's pro se complaint and his various filings with the Court in this case that he has the ability to effectively communicate in writing and marshal the facts and argument that support his claim. Indeed, plaintiff apparently has sufficient mental acuity to learn and write in another language. Although he claims limited knowledge and understanding, he has demonstrated his ability to cite to federal and state law and fashion legal arguments in support of his claims.

Another reason advanced by Plaintiff in support of his motion for appointment of counsel is his limited access to legal research materials as a "mental health patient."[1] This also appears to be the motivation for his "Motion to Direct Denial to Any and All Federal Case Law in Defendant's Law Library and Directly Denial [*sic*] to Access to the Court." (Dkt. # 11.) I note that the defendants have yet to respond to this motion to address the claims advanced by Plaintiff that he is

---

[1]Plaintiff does not specifically argue that his mental health inhibits his ability to proceed without counsel.

2

without sufficient access to legal research materials. I will order defendants to respond to the motion.

Even with the unresolved question of whether plaintiff has sufficient ability to conduct legal research at the Wisconsin Resource Center, I am not convinced, at least at this point, that Plaintiff cannot adequately represent himself in this matter. If, as the case proceeds, it appears that Plaintiff cannot conduct sufficient legal research given the conditions at the Wisconsin Resource Center, I may revisit his request for appointed counsel. But on the record now before me, his motion to appoint counsel is denied.

Plaintiff also filed a "Motion to Amend and Reallege," the impetus of which appears to be his discovery in the Wisconsin Resource Center's library of various rules and regulations applicable at his facility. (Dkt. # 16.). This information appears to permit members of another religious group to use runes in their personal writings. Plaintiff believes this supports his First Amendment claim and appears to advance a claim under the Due Process and Equal Protection clauses of the Fourteenth Amendment. I will deny this motion as the Federal Rules of Civil Procedure do not authorize a "motion to amend and reallege." Although Federal Rule of Civil Procedure 15(a) would allow plaintiff to amend his pleading as a matter of course as it was filed before he was served a response by the defendants, what plaintiff submitted falls short of what the Civil Local Rules require. According to Civil Local Rule 15.1, a motion to amend pleadings is available, though such a motion "must specifically state in the motion what changes are sought by the proposed amendments" and must attach to the motion the original of the proposed amended pleading. Civ. L. R. 15.1.

Apart from the procedural difficulties with plaintiff's motion, adding the allegation of a violation of the Fourteenth Amendment is not necessary given his claim is one under the First Amendment. See Conyers v. Abitz, 416 F.3d 580, 586 (7th Cir. 2005) (noting that a "free-exercise claim arises under the First Amendment and gains nothing by attracting additional constitutional labels.") (citing Graham v. Connor, 490 U.S. 386, 395 (1989)). Based upon the information before the Court at this point, it appears that plaintiff's claim regarding his ability to write in the "Atlantean" language is best understood as a claimed violation of his right to freely exercise his religion under the First Amendment. Finally, I note that the information plaintiff has discovered can be considered as evidence without an amendment to his complaint.

**THEREFORE IT IS ORDERED** that plaintiff's motion to appoint counsel is **DENIED.**

**IT IS FURTHER ORDERED** that the defendants shall file a response within twenty-one (21) days to plaintiff's "Motion to Direct Denial to Any and All Federal Case Law in Defendant's Law Library and Directly Denial [*sic*] to Access to the Court."

**IT IS ORDERED** that plaintiff's "Motion to Amend and Reallege" is **DENIED.**

Dated this   24th   day of October, 2008.

   s/ William C. Griesbach
William C. Griesbach
United States District Judge