UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL DESIMONE,

        Plaintiff,

  v.                                                    Case No. 08-C-638

BRYAN BARTOW, *et al.*

        Defendants.

## ORDER DENYING MOTION REGARDING PLAINTIFF'S ACCESS TO LEGAL MATERIALS

Plaintiff, a pro se § 1983 litigant residing under civil commitment at the Wisconsin Resource Center ("WRC"), moved this Court for relief in his "Motion to Direct Denial to Any and All Federal Case Law in Defendant's Law Library and Directly Denial [*sic*] to Access to the Court." (Doc. # 11.) Defendants opposed the motion on November 6, 2008. (Doc. # 31.) As plaintiff has not filed a reply brief within the 14 days permitted by Civil L.R. 7.1(b), I will now decide the motion. For the reasons stated below, plaintiff's motion is denied. Plaintiff also filed an "Injunction" with the Court, apparently requesting that the Court order staff employed at the WRC to sign affidavits plaintiff has generated. (Doc. # 35.) This request is denied for reasons discussed below.

DeSimone alleges that he had been denied access to legal research materials at the WRC. Plaintiff claims that on August 20, 2008, he wrote defendant Bartow, the director of the WRC, and complained about lack of access to legal research materials in printed and electronic forms. (Doc. # 11 at 1.) He also claimed that the WRC's law library was often closed. (*Id.*) Plaintiff received a letter responding to his complaint two days later, which read in part: "We are unable to get federal

case law as they no longer make it, but as you are aware, it is available through interlibrary loan." (Doc. # 11 Ex. NX-4.) DeSimone requests relief in the form of an order that defendants provide computer aided legal research capabilities at the WRC and that the library allow him unlimited access to WRC patients with pending federal litigation.

According to the librarian at the WRC, patients such as DeSimone have access to the law library at the WRC at 1:00 p.m. and 3:00 p.m. weekdays. (Swaw Aff. ¶ 6.) The library can facilitate 15 users at one time and it is rarely at full capacity during the hours WRC patients are permitted to use it. (*Id.* at ¶ 7.) The WRC library did once provide electronic access to the Federal Reporter and Federal Supplement (Seventh Circuit) series through West CD-ROM, but West has since discontinued the service. (*Id.* at ¶ 10.) The WRC library now stocks the Federal Reporter and Federal Supplement in advance-sheet books. (*Id.*) In addition, the WRC's library also maintains scores of other legal publications for the use of WRC residents, to include access to state case law and statutes. (Doc. # 32-2.) Library records reveal that DeSimone had visited the library four times out of 133 available opportunities he had since the commencement of this lawsuit. (Swaw Aff. ¶ 13.)

DeSimone also seeks an order requiring staff at the WRC to execute affidavits he has prepared. Although DeSimone calls his request an "injunction," his is not a proper request for injunctive relief under Fed. R. Civ. P. 65. The Court cannot compel a person to execute an affidavit, though under Fed. R. Civ. P. 45 a person can be required to attend a deposition. DeSimone has not indicated whether he has attempted to secure testimony by deposing these personnel under Fed. R. Civ. P. 30. DeSimone's request for an "injunction" is therefore denied.

2

I conclude that DeSimone has adequate access to legal materials at the WRC in the prosecution of his § 1983 claim. His motion for access to legal materials is denied (Doc. # 11.), as is his request for an "injunction" ordering WRC personnel to execute affidavits (Doc. # 35.).

**SO ORDERED** this   17th   day of December, 2008.

                                                           s/ William C. Griesbach
                                                           William C. Griesbach
                                                           United States District Judge