UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL DESIMONE,

        Plaintiff,

v.                                                                              Case No. 08-C-638

BRYAN BARTOW, *et al.*

        Defendants.

**ORDER**

Plaintiff, a pro se § 1983 litigant residing under civil commitment at the Wisconsin Resource Center ("WRC"), has filed four documents with the Court, some of which appear to request relief: (1) Motion for Extension (Doc. # 34); (2) Informational Letter (Doc. # 38); (3) Amended Motion for Discovery (Doc. # 39); and (4) Informational Motion (Doc. # 40). Defendants have not responded to any of these submissions.

**Motion for Extension**

In his Motion for Extension, DeSimone requests an extension of time "not to exceed 90 days." (Doc. # 34 at 2.) DeSimone claims he incorrectly framed his interrogatories but now has obtained assistance and understands the role of interrogatories in the discovery process. The scheduling order in this case calls for a completion of discovery by January 20, 2009. (Doc. # 23.)

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a "schedule may be modified only for good cause and with the judge's consent." The Seventh Circuit has noted that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking

amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir . 1992)).

DeSimone's expressed lack of confidence in his original interrogatories is not good cause to modify the schedule, at least at this point. Discovery has not yet closed in this matter. If DeSimone diligently attempts to prosecute his case and it later becomes apparent that his purported misunderstanding of the purpose of interrogatories require a modification of the scheduling order, he may bring it to the Court's attention. DeSimone's motion (Doc. # 34) is **DENIED** without prejudice.

### Production of Documents

DeSimone filed an "Informational Letter" on December 23, 2008. (Doc. # 38.) He appears to allege that defendants have been denying him access to copies of documents relating to his case, along with denying him the ability to telephone the Court to inquire about his case. The relief he seeks is an order requiring staff at the WRC to "give me what I have requested, as they have stated in the Documents request they would do, but have not done." (Doc. # 38.) Fed. R. Civ. P. 37(a) does provide litigants a means of moving to compel disclosure or discovery, though DeSimone's request for relief fails to comply with the rule. If he is seeking such relief from the Court, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). DeSimone has not included the certification required by Rule 37. To the extent DeSimone's letter (Doc. # 38) can be construed as a motion to compel, it is **DENIED** without prejudice.

**Amended Motion for Discovery**

DeSimone also filed an "Amended Motion for Discovery" with the Court. (Doc. # 39.) In it, he invokes Fed. R. Civ. P. 34 and requests the defendants to produce a host of documents, most of which are reported decisions of various courts and other legal authority. Because it is not clear what, if any, relief DeSimone may be seeking from the Court, the motion (Doc. # 39) is **DENIED**.

**Informational Motion**

DeSimone's "Informational Motion" expresses several concerns. (Doc. # 40.) First, DeSimone fears he made a "blunder" by not replying to defendants' response to his earlier motion regarding access to legal research materials. (Doc. # 11.) DeSimone's concern stems from the Court's order denying the motion, which noted DeSimone had not filed a reply within the 14 days afforded by Civil L.R. 7.1(b). (Doc. # 36.) DeSimone claims "I did not know I should have, I assumed the evidence before the court was sufficient." (Doc. # 40 at 1.) The Court's order should not be read to say that DeSimone should have filed a reply brief, as the Court cannot take a position on the matter. DeSimone is free to move the Court for reconsideration of its prior order, if he possesses some information relevant to the matter he believes the Court should consider.

DeSimone also claims he is unable to depose any witnesses, as he lacks knowledge of how to take a deposition. He points to the Court's order denying his request that the Court require WRC staff to execute affidavits, which also noted that a person can be required to attend a deposition under Fed. R. Civ. P. 45. (Doc. # 36 at 2.) DeSimone asks that if the Court is "willing to help" him "in the interest of justice, I would like to depose Scott Allen." (Doc. # 40 at 1.) As DeSimone has not demonstrated he has provided notice to the person he wishes to depose as required by Fed. R.

Civ. P. 30(b) or served a subpoena under Fed. R. Civ. P. 45, relief from the Court in "helping" DeSimone with his deposition would be inappropriate.

Finally, DeSimone claims that even though the Court has determined that he has sufficient access to legal research materials at the WRC, without being taught the basics of research he is "lost" in the law library. (Doc. #40 at 2.) Although DeSimone says he "know[s] that the Court cannot help me to the point that it is helping me defend my self [sic], or present my case before the Court . . . " he believes that the Court "can work with me to ensure that I am aware of what I can and cannot do." (*Id.*) It is unclear how exactly DeSimone wishes the Court would "work with" him, or what authority the Court would have to do so. DeSimone's motion (Doc. #40) is **DENIED**.

**SO ORDERED** this      8th      day of January, 2009.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge